UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20769-CIV-COOKE/BANDSTRA

YULIANA RUIZ,

    Plaintiff,
vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This case is before me on Plaintiff Yuliana Ruiz's Motion to Remand. I have reviewed the record, the arguments and the relevant legal authorities. For the reasons explained in this order, Plaintiff's Motion to Remand is granted.

### *I. BACKGROUND*

Carnival employed Gregory Navarro ("Navarro") for ten years before he committed suicide on June 14, 2009, while on board a Carnival vessel. [ECF No. 1, Ex. B ¶ 9]. The terms of Navarro's employment were governed by a Seafarer's Agreement. The Agreement contained an arbitration clause providing that "any and all disputes arising out of or in connection with this Agreement, including any question regarding its existence, validity, or termination, or Seafarer's service on the vessel, shall be referred to and finally resolved by arbitration." [ECF No. 1, Ex. A ¶ 7]. The Agreement also states that it shall be governed by the laws of the flag of the vessel on which Navarro was assigned at the time the cause of action accrued. [ECF No. 1, Ex. A ¶ 8]. Pursuant to the terms of the Agreement and admissions by the Parties, Panamanian law governs the arbitration clause. [*Id.*].

Plaintiff, as personal representative for Navarro, originated this action in state court in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Complaint alleges causes of action for Jones Act Negligence under 46 U.S.C. § 30104 (Count I) and unseaworthiness (Count II). [ECF No. 1, Ex. B]. On March 15, 2010, Defendant filed a Notice of Removal and alleged that removal was proper because the Agreement's arbitration clause fell under the United Nations Convention on the Recognition and Enforcement on Foreign Arbitral Awards (the "Convention"). [ECF No. 1 ¶ 6-7]. On April 12, 2010, Plaintiff filed a Motion to Remand this case to state court claiming removal was improper because the arbitration clause violates public policy and is null and void under the Convention. [ECF No. 11].

## II. LEGAL STANDARD

A defendant may remove an action to a U.S. District Court if that court has original jurisdiction over the action. 28 U.S.C. 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he burden of proving jurisdiction lies with the removing defendant." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Removal statutes are construed narrowly." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "Federal courts are courts or limited jurisdiction" and any "uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

## III. DISCUSSION

### *The Convention on the Recognition and Enforcement of Foreign Arbitral Awards*

The Convention is a "multi-lateral treaty that requires courts of a nation state to give effect to private agreements to arbitrate and to enforce arbitration awards made in other contracting states." *Thomas v. Carnival Corp.*, 573 F.3d 1113, 1116 (11th Cir. 2009). The

United States, as a signatory to the Convention, enforces the Convention through the Federal Arbitration Act, 9 U.S.C. § 201, et seq.  An action falling under the Convention is "deemed to arise under the laws and treaties of the United States."  9 U.S.C. § 203.  "Where the subject matter of an action or proceeding pending in state court relates to an arbitration agreement or award falling under the Convention, the defendant [] may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States."  9 U.S.C. § 205.

A district court must enforce an agreement to arbitrate under the Convention where the following jurisdictional requirements are met:

> (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration within the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Bautista v. Star Cruises*, 396 F.3d 1289, 1295 n.7. (11th Cir. 2005) (citations omitted). Even if these jurisdictional requirements are met, removal is improper if affirmative defenses such as "fraud, mistake, duress, and waiver" render the arbitration agreement "null and void."  *Id.* at 1301; Convention, art. II(3). Furthermore, an arbitration clause should not be upheld where it violates public policy and operates as a "prospective waiver of a party's right to pursue statutory remedies" under the laws of the United States.  *Thomas*, 573 F.3d at 1122-23.

*Affirmative Defenses Under the Convention*

Plaintiff does not dispute that the agreement falls under the purview of the Convention. Plaintiff does, however, assert an affirmative defense in an effort to preclude this Court from assuming jurisdiction over this case.  Specifically, Plaintiff argues that the arbitration clause is null and void because it would constitute a "prospective waiver" of Plaintiff's statutory right to bring a Jones Act claim in a forum that would apply United States law.

The Jones Act confers seamen the statutory right to sue their employers for the negligence of fellow crew members.  46 U.S.C. § 30104; *Thomas*, 573 F.3d 1115 n. 1.  In the event of personal injury or death of a seaman, the personal representative of the seaman may elect to bring a civil action at law, with a right to trial by jury, against the employer.  46 U.S.C. § 30104.  There is no dispute that the law governing the Agreement and the arbitration clause is Panamanian law.  Panamanian law, however, does not provide a seaman a reasonable equivalent to the statutory rights conferred by the Jones Act.  Accordingly, the arbitration clause violates public policy, operates as "prospective waiver" of a Plaintiff's right "to pursue statutory remedies" under the laws of the United States, and is "null and void" under the Convention.  Absent a valid arbitration clause under the Convention, this Court lacks subject matter jurisdiction over this action.  9 U.S.C. § 205.

### IV.  CONCLUSION

For the reasons explained above, I hereby **ORDER and ADJUGE** as follows:

1. Plaintiff's Motion to Remand [ECF No. 11] is **GRANTED**.  This case is remanded to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. The Clerk shall **CLOSE** this case and is hereby directed to take all necessary steps and procedures to effect remand of the above-styled action.

     3.     All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in chambers, at Miami, Florida, this 29th day of November 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*